**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

| | | |
|---|---|---|
| **VERONICA SMITH**, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:16-cv-63-TBR |
| | ) | |
| vs. | ) | **Removed from:** |
| | ) | |
| **DEFABRIAN BROWN** and | ) | Commonwealth of Kentucky |
| **HUHTAMAKI, INC.**, | ) | Christian Circuit Court |
| | ) | Division Two |
| Defendants. | ) | Case No. 16-CI-00380 |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Huhtamaki, Inc. ("Huhtamaki") hereby removes to the United States District Court for the Western District of Kentucky the action styled *Veronica Smith v. Defabrian Brown and Huhtamaki, Inc.*, currently pending in Christian Circuit Court, Hopkinsville, Kentucky.

As grounds for the removal, Huhtamaki states as follows:

1. Plaintiff Veronica Smith ("Plaintiff") sued Defendant Defabrian Brown ("Brown") and Huhtamaki in Christian Circuit Court on April 13, 2016, by filing her Complaint in the case styled *Veronica Smith v. Defabrian Brown and Huhtamaki, Inc.* Huhtamaki was served on April 18, 2016. Plaintiffs' Complaint filed in Christian Circuit Court is attached hereto as **Exhibit A**.

2. The Christian Circuit Court docket reflects that Brown was also served on April 18, 2016. However, that service came to Huhtamaki, which rejected same. Huhtamaki is unaware of any other service attempt on Brown. Nonetheless, Huhtamaki has contacted Brown, who consents to this removal.

3. In the above-captioned action pending in Christian Circuit Court, Plaintiff asserts: (1) "Sexual Harassment/Invasion of Privacy/Intimidation," (2) "Vicarious Liability/Failure to Provide Safe Work Environment/Failure to Supervise and/or Discipline Employees," and "Punitive Damages."

4. Under 28 U.S.C. §§ 1441 and 1446, this case may be properly removed to this Court at any time within thirty (30) days from Huhtamaki's being served with Plaintiff's Complaint and Summons. Huhtamaki is timely filing its removal within thirty (30) days of the date which Huhtamaki was served via certified mail.

## I. DIVERSITY OF CITIZENSHIP

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction of the parties.

6. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Huhtamaki is a Kansas corporation and has its principal place of business in De Soto, Kansas. Therefore, Huhtamaki is a citizen of the state of Kansas.

7. Brown is a resident of Hopkinsville, Kentucky, and a citizen of the Commonwealth of Kentucky. However, his citizenship should be ignored for purposes of removal because, as discussed more fully below, Plaintiff fraudulently joined him for the purpose of defeating diversity jurisdiction.

8. Based upon the Complaint and Plaintiff's representation as to her address, she is a citizen of the State of Tennessee. *See* **Exhibit A**.

9. Thus, the parties are completely diverse for the purposes of jurisdiction.

**AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL REQUIREMENTS**

10. Although Plaintiff does not plead a specific amount of damages, the damages claimed by her exceed $75,000, exclusive of interest and costs, for each of Counts I and II.

11. Specifically, at a minimum, Plaintiff seeks damages for emotional distress/humiliation, punitive damages, and attorney fees. *See* **Exhibit A**.

12. Plaintiff claims severe emotional distress/humiliation grounded on allegations that Brown repeatedly made advances on her in the workplace, including grabbing her and showing up in her personal workspace, and that Huhtamaki did not take appropriate action on her complaint because Brown remained in the workplace. While Huhtamaki denies that Plaintiff's allegations are true and she is entitled to any damages, Kentucky juries have awarded as much as $450,000 (see *Perry v. Autozoners, LLC*, 608 F. App'x 388, 389 (6th Cir. 2015), affirming jury award of $150,000 in compensatory damages and $300,000 in punitive damages for employee who suffered sexual comments, swat on the behind, and unwelcome appearances in her workspace over a month and a half while working in the role of commercial sales manager) and $1,179,141.16 (see *West v. Tyson Foods*, Inc. 374 F. App'x 624, 643 (6th Cir. 2010), affirming jury award of $750,000 in compensatory damages and $300,000 in punitive damages, plus back pay and front pay, for employee who suffered sexual comments and grabbing during five-week employment as an assembly line worker) in damages for similar claims, where the claims have been proven.

13. Next, while styled as "Count III," Plaintiff seeks an award of punitive damages for Counts I and II, based on the severity of the alleged conduct and her belief that Huhtamaki did not take appropriate actions.

14. Additionally, the amount in controversy requirement is met by Plaintiff's seeking attorney fees authorized by statute. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007); *Carrollton Hospitality LLC v. Kentucky Insight Partners II LP*, No. 13-CV-21-GFVT, 2013 WL 5934638, at *4 (E.D. Ky. Oct. 31, 2013) (slip copy) (holding that estimated attorney fees of close to 50% of damages claimed is "not an unreasonable estimate" for purposes of determining the amount in controversy).

15. All told, removal is proper because the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a). *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547 (2014) (explaining that a short and plain statement regarding the amount in controversy is all that is required for removal).

16. In summary, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

### FRAUDULENT CLAIMS

17. Plaintiff has no colorable cause of action against Brown in Kentucky state court, so the doctrine of fraudulent joinder applies. *See Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

18. In evaluating application of the doctrine, the Court determines "whether there is arguably a reasonable basis for predicting that the state law might impose

liability on the facts involved." *Id.* While not applicable here, "any disputed questions and fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party." *Id.*

19.   Plaintiff's purported claims against Brown and Huhtamaki are all based on the same alleged events – that Brown repeatedly made advances on her in the workplace, including grabbing her and showing up in her personal workspace without welcome, and that Huhtamaki did not take appropriate action on her complaint because Brown remained employed – and these allegations fall squarely under the Kentucky Civil Rights Act (KCRA), which provides a cause of action for sexual harassment, including hostile work environment. *See* KRS § 344.020 (purpose of KCRA).

20.   As to the KCRA, Plaintiff cannot bring sexual harassment/hostile work environment claims against Brown because such claims are not permitted against individuals. *See Palmer v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 882 S.W.2d 117, 119 (Ky. 1994). Accordingly, any KCRA claims against Brown have been fraudulently joined.

21.   Kentucky does not recognize any "intimidation" claim, and to the extent Plaintiff seeks to bring that claim to address Brown's alleged actions in making advances on Plaintiff, such claim would be preempted by the KCRA, which declares the alleged acts unlawful and provides remedies for same. *See Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985) (setting out Kentucky preemption analysis).

22.   Additionally, Plaintiff cannot premise any "invasion of privacy" claim on Brown's allegedly repeatedly coming into her workspace, where Kentucky law would

require her to show "(1) an intentional intrusion by the defendant, (2) into a matter the plaintiff[s] ha[ve] a right to keep private, (3) which is highly offensive to a reasonable person."[1] *Smith v. Bob Smith Chevrolet, Inc.*, 275 F.Supp.2d 808, 822 (W.D. Ky. 2003). Here, Plaintiff complains about Brown's allegedly coming into her workspace (which, as a janitor, would be the entire building) without welcome, not accessing any private matters. Such allegations fall squarely under the KCRA, which declares them unlawful and provides remedies, so any "invasion of privacy" claim premised on same would be preempted by the KCRA.

23.   Plaintiff further cannot bring a vicarious liability claim against Brown, where Huhtamaki employed Brown and any such claim would be seeking to hold Huhtamaki responsible for the conduct of Brown, not vice-versa. Moreover, Kentucky does not recognize a vicarious liability claim for alleged conduct already subject to the KCRA. *See Bargo v. Goodwill Industries of Kentucky, Inc.*, 969 F. Supp. 2d 819, 829-30 (E.D. Ky. 2013). Put another way, the KCRA is the basis itself for any vicarious liability.

24.   Next, the "failure to provide safe work environment" claim that Plaintiff seeks to bring cannot permit any relief against Brown because he was an hourly "roll tender" at Huhtamaki, not someone in charge of providing a safe work environment. However, even if the Court perceives an hourly employee may be subject to such a theory, there is no possible relief against Brown here as (1) Kentucky does not recognize such a tort outside of statutes like the KCRA or Kentucky OSHA; and (2) to

---

[1]   Unreasonable intrusion upon seclusion is the only one of four possible invasion-of-privacy theories recognized by Kentucky that could possibly apply here. *See McCall v. Courier-Journal & Louisville Times*, 623 S.W. 882, 887 (Ky. 1981). Specifically, there have not been any facts alleged regarding appropriation of the other's name or likeness, unreasonable publicity given to the other's private life, or publicity that unreasonably places the other in a false light before the public.

the extent there is any claim pertaining to the work environment, it is a sexual harassment/hostile work environment claim under the KCRA, and as noted above, the KCRA does not permit such claims against individuals. Therefore, any "failure to provide safe work environment" claim against Brown is likewise fraudulently joined.

25. Plaintiff's "failure to supervise/discipline" similarly provides no possible relief against Brown because the allegations concern Huhtamaki's supervision/discipline of Brown, not Brown's supervision/discipline of anyone. Even more, Kentucky law only permits negligent supervision/retention claims by third parties, not by current or former employees. *See Gatlin v. Shoe Show, Inc.*, No. 3:14-CV-446-TBR, 2014 WL 3586498, at *5 (W.D. Ky. July 21, 2014); *Montell v. Diversified Clinical Services, Inc.*, 969 F. Supp. 2d 798, 816 (E.D. Ky. 2013).

26. Without any underlying basis for liability against Brown, Plaintiff has no basis for seeking punitive damages against him. Moreover, punitive damages are not permitted under the KCRA. *See Kentucky Dept. of Corrections v. McCullough*, 123 S.W.3d 130, 140 (Ky. 2003). All told, the punitive damages claim has been fraudulently joined as well.

27. According to the state court record, Plaintiff has not even made any attempt to serve Mr. Brown, other than sending certified mail to Huhtamaki's registered agent, which Huhtamaki rejected. The Christian Circuit Court Clerk confirmed that, as of this morning, she is aware of no other summons being issued for Mr. Brown.

28. Because all attempts to state a claim against Brown reflect fraudulent joinder, Brown's citizenship should not be taken into account in evaluating diversity

jurisdiction.

## SUPPLEMENTAL JURISDICTION

29. To the extent the Court disagrees that it possesses original diversity jurisdiction over either Counts I or Count II, with punitive damages stated in Count III, the Court has supplemental jurisdiction over the claim.

30. Each of Plaintiff's claims is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). Specifically, every claim asserted by Plaintiff relates to the same alleged events – that Brown repeatedly made advances on her in the workplace, including grabbing her and showing up in her personal workspace without welcome, and that Huhtamaki did not take appropriate action on her complaint because Brown remained employed.

31. None of the four bases for declining supplemental jurisdiction set out in 28 U.S.C. 1367(c) exist in this case because (1) the claims are neither novel, nor complex; (2) neither of the claims "substantially predominate" over the other; (3) original jurisdiction has been established for a claim; and (4) there are no exceptional circumstances.

32. Promptly upon filing this Notice of Removal, Defendant shall give written notice to Plaintiff and shall file a copy of this Notice of Removal with the Clerk of the Christian County Circuit Court of Hopkinsville, Kentucky.

Wherefore, Huhtamaki prays that this Court assume control over this action as this action is properly removed on the ground of diversity jurisdiction and, if

necessary, supplemental jurisdiction.

This 5th day of May, 2016.

Respectfully submitted,

*/s/ Jay Inman*

LaToi D. Mayo
lmayo@littler.com
Jay Inman
jinman@littler.com
LITTLER MENDELSON, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY  40507
Telephone: 859.317.7970
Facsimile: 859.259.0067

*Attorneys for Huhtamaki, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 5th day of May, 2016, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system. I further certify that I served the foregoing upon Plaintiff's counsel via first class mail, postage prepaid, to:

Erik J. Wilbekin
27 E. Fourth Street
Covington, KY 41011

*Counsel for Plaintiff*

*/s/ Jay Inman*

Jay Inman