## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:16-CV-00063-TBR

VERONICA SMITH,                                                                                       Plaintiff,

v.

DEFABRIEN BROWN, *et al.*,                                                     Defendants.

### MEMORANDUM OPINION AND ORDER

Veronica Smith filed this action against her employer, Huhtamaki, Inc., and Defabrien Brown, a fellow employee, alleging claims for sexual harassment under the Kentucky Civil Rights Act, invasion of privacy, and negligent retention. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Huhtamaki, Inc. moves to dismiss Smith's common-law claims, while Brown moves to dismiss Smith's action against him entirely. Although Smith's sexual-harassment claim against Huhtamaki, Inc. is plausible, the remainder of her claims are not. Therefore, Huhtamaki, Inc.'s Partial Motion to Dismiss, [R. 9], and Defabrien Brown's Motion to Dismiss, [R. 11], are **GRANTED**.

### I.

### A.

For the past two years, Veronica Smith has worked as a custodian engineer and janitor at Huhtamaki, Inc. [R. 1-1 at 3, ¶ 2 (Complaint).] As alleged in the complaint, Defabrien Brown, a "roll tender" in Huhtamaki, Inc.'s Flexo Department, started making unwanted and unwarranted advances toward Smith in April 2015 and has persisted undaunted since. [*Id.*, ¶ 6.] In detail, he has grabbed Smith's "buttocks and lower extremities," has physically and verbally threatened her, and has continued that behavior "despite being rebuffed," [*id.*], causing Smith to suffer "embarrassment" and "feelings of

isolation," [*id.* at 4, ¶ 9]. Smith reported Brown to Huhtamaki, Inc., but Huhtamaki, Inc. has taken no corrective action. [*Id.*, ¶¶ 12–13.]

### B.

Accordingly, Smith filed this action against Huhtamaki, Inc. and Brown, bringing a sexual harassment claim under the Kentucky Civil Rights Act, Ky. Rev. Stat. §§ 344.010–.500 , as well as common-law claims for invasion of privacy and negligent retention. [*Id.* at 3–5, ¶¶ 5–14.] She seeks compensatory and punitive damages. [*Id.* at 5.] Pursuant to Federal Rule of Civil Procedure 12(b)(6), Huhtamaki, Inc. and Brown move to dismiss the bulk of that action. [*See* R. 9 at 1 (Huhtamaki, Inc.'s Partial Motion to Dismiss); R. 11 at 1 (Brown's Motion to Dismiss).]

### II.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to

allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

### III.

Huhtamaki, Inc. moves to dismiss Smith's common-law claims, [*see* R. 9 at 1], while Brown moves to dismiss Smith's claims against him entirely, [*see* R. 11 at 1]. Although a month late, Smith opposes Brown's request, but makes no response to Huhtamaki's motion. [*See* R. 12 at 1 (Response to Brown's Motion to Dismiss).] Ultimately, while Smith's claim under the KCRA is plausible as to Huhtamaki, Inc., the remainder of her claims are not.

### A.

### 1.

To begin, Smith has not plausibly alleged a claim for sexual harassment against Brown. [*See* R. 1-1 at 3, ¶¶ 5–9.] The Kentucky Civil Rights Act makes it unlawful for an "employer" to discriminate against any individual because of his or her sex. *See* Ky. Rev. Stat. § 344.040(1). It has long been established, however, that individual "agents or supervisors who do not otherwise qualify as employers cannot be held personally liable in their individual capacities" under the KCRA. *Conner v. Patton*, 133 S.W.3d 491, 493 (Ky. Ct. App. 2004); *accord Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Here, Brown does not come under the KCRA's definition of "employer." *See* Ky. Rev. Stat. § 344.030(2). Accordingly, Smith's sexual-harassment claim against Brown is dismissed. *See Walker v. MDM Servs. Corp.*, 997 F. Supp. 822, 823–24 (W.D. Ky. 1998).

**2.**

Smith's invasion-of-privacy claim fairs no better. [*See* R. 1-1 at 3, ¶¶ 5–7.] Generally speaking, there are four avenues to make out an invasion-of-privacy claim under Kentucky law: (1) unreasonable intrusion upon the seclusion of another, (2) appropriation of the other's name or likeness, (3) unreasonable publicity given to the other's private life, or (4) publicity that unreasonably places the other in a false light before the public. *McCall v. Courier-Journal & Louisville Times Co.*, 623 S.W.2d 882, 887 (Ky. 1981) (adopting Restatement (Second) of Torts § 652A (Am. Law Inst. 1976)). Smith appears to press her invasion-of-privacy claim using an intrusion-upon-seclusion theory. [*See* R. 1-1 at 3, ¶ 6.] In order to prevail under that theory, Smith must show: (1) an intentional intrusion by Brown, (2) into a matter that Smith has a right to keep private, and (3) that Brown's intrusion would be highly offensive to a reasonable person. *Wiles v. Ascom Transp. Sys., Inc.*, 478 F. App'x 283, 293–94 (6th Cir. 2012) (applying Kentucky law); *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 822 (W.D. Ky. 2003); *see also* Restatement (Second) of Torts § 652B.

Smith has not adequately pleaded an invasion-of-privacy claim. Presumably, the "intrusion" which Smith complains of is Brown's physical invasion of "her work space area." [R. 1-1 at 3, ¶ 6.] However, Smith has not identified any "matter" in her workplace area subject to a reasonable expectation of privacy, as is required to maintain a claim under an intrusion-upon-seclusion theory. *See Howard v. Asset Acceptance, LLC*, No. CIV.A. 5:12-316-DCR, 2013 WL 1760299, at *4–5 (E.D. Ky. Apr. 24, 2013). Consequently, the Court will dismiss Smith's invasion-of-privacy claim.

**3.**

Smith's claim against Huhtamaki, Inc. for "failure to supervise and/or discipline employees," which the Court construes as a claim for negligent retention, is not viable either. [*See* R. 1-1 at 4–5, ¶¶ 12–14.] Under Kentucky law, an employer may be liable for negligently retaining an employee. *See MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 336 n.10 (Ky. 2014); *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. Ct. App. 1998) (recognizing cause of action for negligent hiring and retention); *see also* Restatement (Second) of Agency § 213 (Am. Law Inst. 1958). To assert a claim for negligent retention, the plaintiff must show that "[1] the [employer] knew or had reason to know of the employee's harmful propensities; [2] that the employee injured the plaintiff; and [3] that the . . . retention of such an employee proximately caused the plaintiff's injuries." *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005) (quoting 27 Am. Jur. 2d *Employment Relationships* § 401 (2004)). "In order for [an] employer to be held liable" for negligent retention, however, "the employee must have committed a tort." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 727 (Ky. 2009) (alteration in original) (quoting *Mulhern v. City of Scottsdale*, 799 P.2d 15, 18 (Ariz. Ct. App. 1990)); *see also Airdrie Stud, Inc. v. Reed*, Nos. 2001-CA-001397-MR, 2001-CA-001396-MR, 2002-CA-000357-MR, 2003 WL 22796469, at *1–2 (Ky. Ct. App. Nov. 26, 2003) (same); *accord Montell v. Diversified Clinical Servs., Inc.*, 969 F. Supp. 2d 798, 816 (E.D. Ky. 2013), *aff'd in relevant part on other grounds*, 757 F.3d 497 (6th Cir. 2014).

As discussed above, Smith's complaint alleges no viable claim against Brown. In the absence of such, Huhtamaki, Inc. cannot be held liable for negligent retention. *See*

5

*Ten Broeck*, 283 S.W.3d at 727; *Montell*, 969 F. Supp. 2d at 816. Therefore, to the extent Smith has, in fact, made such a claim, it is dismissed.

### 4.

Next, Smith's attempt to hold Huhtamaki, Inc. vicariously liable for Brown's conduct must be dismissed. [*See* R. 1-1 at 4–5, ¶¶ 10–14.] Under the doctrine of *respondeat superior*, an employer may be held responsible for the intentional torts of its employees so long as the employee committed the tort while acting in the scope of his employment. *Papa John's Int'l, Inc. v. McCoy*, 244 S.W.3d 44, 50 (Ky. 2008). Smith has not plausibly alleged, however, that any of Brown's conduct is actionable. Accordingly, there is nothing to hold Huhtamaki, Inc. vicariously liable for, and so the Court will dismiss Smith's vicarious-liability claim. *Bargo v. Goodwill Indus. of Ky., Inc.*, 969 F. Supp. 2d 819, 829–30 (E.D. Ky. 2013).

### 5.

Last but not least, Smith's claim for punitive damages, which is not so much a "claim" as it is a prayer for relief, fails as a matter of law. [*See* R. 1-1 at 5, ¶¶ 15–17.] Of the claims in Smith's complaint, only her sexual-harassment claim against Huhtamaki, Inc. remains. Punitive damages, however, are unavailable for claims of that sort. *Ky. Dep't of Corr. v. McCullough*, 123 S.W.3d 130, 138–40 (Ky. 2003). Consequently, to the extent a request for punitive damages might be thought of as a separate cause of action, it is dismissed.

**B.**

In lieu of responding to the substance of Huhtamaki, Inc. and Brown's motions to dismiss, Smith takes a different path. That is, she asks in a belated and informal fashion for leave to amend her complaint. [*See* R. 12 at 2–4.] Her request is unavailing.

Under Federal Rule of Civil Procedure 15(a), the Court should freely allow a party to amend its pleading when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Leave to amend is liberally granted, except where there is "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Of course, a request for leave must be made with some measure of particularity, as is required under Federal Rule of Civil Procedure 7(b). *See* Fed. R. Civ. P. 7(b)(1)(B). Otherwise, it is impossible for the Court to intelligently exercise its discretion.

Here, Smith's informal request for leave falls well short of that mark. In her papers, she makes no effort to explain with particularity the relief she seeks. She does not attach a proposed amended complaint to support her request either. In other words, she has not stated the grounds for seeking leave with particularity, and the Court will deny her request accordingly. *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (affirming district court's decision to deny leave to amend when plaintiff failed to state the grounds with particularity).

## IV.

**IT IS HEREBY ORDERED** that Huhtamaki, Inc.'s Partial Motion to Dismiss, [R. 9], and Defabrien Brown's Motion to Dismiss, [R. 11], are **GRANTED**.

**IT IS SO ORDERED.**

Date:

cc:  Counsel of Record